UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.                                                    CRIMINAL NO. 4:97cr41

**WILLIAM LAMONT SLATE,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the court on remand from the United States Court of Appeals for the Fourth Circuit, regarding this court's June 6, 2019, Judgment, which granted Defendant relief under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 52206. ECF Nos. 175, 176 (jointly, "Order"). On July 7, 2022, the Fourth Circuit vacated this court's Judgment and remanded the matter for reconsideration in light of Concepcion v. United States, ___ U.S. ___, 142 S.Ct. 2389 (2022). ECF No. 246 at 1. Following the remand, on October 10, 2022, Defendant filed a Supplemental Motion to Reduce Sentence ("Supplemental Motion"), through counsel. See ECF No. 257. For the reasons stated below, the court **GRANTS** Defendant's Supplemental Motion.

## I. BACKGROUND

On June 30, 1997, Defendant was named in Counts One, Four, Sixteen, Twenty-Four, and Twenty-Nine of a thirty-five-count, multiple-defendant Indictment. ECF No. 1. Count One charged Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, Marijuana, and/or Heroin, in violation of 21 U.S.C. § 846. Count Four charged Defendant with Accessory After the Fact to Murder, in violation of 18 U.S.C. § 3. Counts Sixteen, Twenty-Four, and Twenty-Nine charged Defendant with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Following a trial, the jury found Defendant guilty on each of these counts. See ECF No. 35 (Jury Verdict Form).

Of significant importance for Defendant's original Resentencing Motion and now his Supplemental Motion, the verdict form did not require the jury to specify the exact quantity of cocaine base attributable to Defendant, nor did the verdict form require the jury to designate the specific object(s) of the drug conspiracy under Count One. See id. At sentencing, after the court heard argument of counsel and additional presentation of evidence, the court found that 218 grams of cocaine base were attributable to Defendant by a preponderance of the evidence. The Guidelines, at that time, required a sentence of Life imprisonment on Count One. See ECF No. 160 at 36, 41 (Presentence Investigation Report). Accordingly, on January 20, 1998, the court sentenced Defendant to

2

a term of imprisonment of Life and five (5) years of supervised release.[1] ECF No. 41 (Judgment).

On January 15, 2014, Defendant filed, pro se, an "Omnibus Motion to Modify Sentence 18 U.S.C. 3582(c)(1)(B) Petition for a Writ of Mandamus" ("Omnibus Motion"), subject to defect. ECF No. 121. Defendant corrected the defect on January 27, 2014. ECF No. 123. The court denied the Omnibus Motion on February 5, 2014. ECF No. 124. Defendant appealed this denial, ECF No. 125, but the Fourth Circuit affirmed, ECF No. 131.

On February 25, 2019, Defendant filed, pro se, a "Motion for Appointment of Counsel and Retroactive De Novo Resentencing Under the First Step/Fair Sentencing Act" ("Resentencing Motion"). ECF No. 156. Therein, Defendant requested retroactive resentencing to time served under the First Step Act as well as the appointment of counsel for the Resentencing Motion. See ECF No. 156 at 1. On February 28, 2019, the court ordered the United States to respond to the Resentencing Motion's First Step Act claim but denied Defendant's request for the appointment of counsel. ECF No. 159. The United States responded on April 3, 2019, ECF No. 167, and Defendant replied on May 23, 2019, ECF No. 170. On June 6, 2019, the court granted Defendant's Resentencing Motion

---

[1] The Defendant's sentence consisted of Life on Count One, one hundred fifty-one (151) months on Count Four, and two hundred forty (240) months on Counts Sixteen, Twenty-Four, and Twenty-Nine, all to be served concurrently. ECF No. 41 (Judgment).

3

and reduced his sentence on Count One to four hundred eighty (480) months, pursuant to the First Step Act. ECF Nos. 175, 176 (sealed portions of the Order). The court's sentence on all remaining counts was to "remain in full force and effect." Id.

Thereafter, on June 14, 2019, the Defendant appealed. See ECF No. 178 (Notice of Appeal). On October 4, 2021, the Fourth Circuit placed Defendant's appeal in abeyance, pending a decision by the Supreme Court in Concepcion v. United States, 991 F.3d 279 (1st Cir. 2021), cert. granted, ___ U.S. ___, 142 S.Ct. 54 (2021). ECF No. 234. The Court ruled on Concepcion on June 27, 2022. ___ U.S. ___, 142 S.Ct. 2389 (2022). On July 7, 2022, the Fourth Circuit vacated this court's judgment, remanded the matter in light of Concepcion, and entered its judgment the same day. See ECF Nos. 246, 247. On July 29, 2022, the Fourth Circuit entered its mandate, giving effect to its judgment. ECF No. 248.

Following the remand, on August 12, 2022, this court granted Defendant leave for forty-five (45) days to supplement his original Resentencing Motion, ECF No. 156. See ECF No. 250. On October 10, 2022, through counsel, Defendant timely filed the instant Supplemental Motion to Reduce Sentence ("Supplemental Motion"). ECF No. 257. The United States responded, opposing the Supplemental Motion, on December 23, 2022, ECF No. 263, and Defendant replied

on January 23, 2023, ECF No. 264. Accordingly, this matter is now ripe for judicial determination.

## II. LEGAL STANDARD

### A. First Step Act

The court may not modify a term of imprisonment once it has been imposed unless a specific exception applies. 18 U.S.C. § 3582(c). Pursuant to 18 U.S.C. § 3582(c)(1)(B), the court may modify an imposed term of imprisonment if "expressly permitted by statute." Id. The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits "[a] court that imposed a sentence for a covered offense . . . [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (citation omitted). The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Id. § 404(a). Sections 2 and 3 of the Fair Sentencing Act of 2010 modified the penalties for violations of the cocaine base statutes at 21 U.S.C. § 841, by increasing the threshold quantities of cocaine base required to trigger the sentencing ranges in § 841(b)(1)(A)(iii) from 50 grams to 280 grams and in § 841(b)(1)(B)(iii) from 5 grams to 28 grams. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

5

## B. Concepcion

In Concepcion v. United States, the Supreme Court held that "the First Step Act *allows* district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." \_\_\_ U.S. at \_\_\_, 142 S.Ct. at 2404 (emphasis added). The Court noted that the "longstanding tradition in American law, dating back to the dawn of the Republic, that a judge at the sentencing considers the whole person before him or her as an individual," formed the basis for its decision. Id. at 2395-96. Accordingly, the Court found that "the First Step Act *requires* district courts to consider intervening changes when parties raise them." Id. at 2396 (emphasis added).

Subsequently, the Fourth Circuit found that, in making this consideration, "a district court may need to make additional findings and identify the attributable drug quantity with more precision than at the original sentencing. United States v. Foster, No. 20-7745, 2022 WL 2826184, at *1 (4th Cir. July 20, 2022) (citing United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021). However, the First Step Act does *not compel* courts to exercise their discretion to reduce any sentence based on [the parties'] arguments." Concepcion, \_\_\_ U.S. at \_\_\_, 142 S.Ct. at 2396 (emphasis added).

6

### III. DISCUSSION

As an initial matter, it is undisputed that Count One of Defendant's conviction is a covered offense: The only dispute before the court is whether a reduction pursuant to the First Step Act should be granted. Defendant proposes three independent reasons – two intervening changes of law and one intervening change of fact – which he submits should lead the court to conclude "that a sentence of 20 years, or at most a sentence of time served, is appropriate."[2] ECF No. 257 at 12.

First, Defendant submits that the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), now "caps the statutory sentencing range applicable to [Defendant] at 20 years because his jury did not make any findings about the quantity of drugs attributable to him." Id. Second, Defendant argues that the Fourth Circuit's opinion in United States v. Rhynes, 196 F.3d 207 (4th Cir 1999), "precludes application of a higher statutory sentencing ranges" because Defendant's jury returned a general verdict, not specifying the drug(s) for which Defendant was responsible. Id. Third, and finally, Defendant submits that his level of rehabilitation, current medical condition, and sentencing disparity compared to similarly situated inmates who have received

---

[2] According to the Bureau of Prison ("BOP") records, Defendant has served over twenty-six years of his forty (40) year sentence. See ECF No. 257-1 at 4.

7

sentence reductions under the First Step Act, further "warrant a reduction of his sentence." Id.

In its response in opposition, the United States "requests that this court not reduce Defendant's aggregate sentence below a total of 40 years of imprisonment." ECF No. 263 at 1. The United States asks the court to do so, "even if Defendant were correct that his conspiracy conviction should be deemed to have a 20-year maximum." Id. at 13. As the mechanism to do so, even if Defendant is correct that his sentence on Count One should be reduced, the United States maintains that this court is authorized to now restructure Defendant's sentence by "stacking his other convictions to reach the 40-year sentence." Id. at 12.

### A. Intervening Changes of Law

Although Apprendi and Rhynes were decided after Defendant's sentencing, Defendant argues that Concepcion demands that the court *must* now adjust his sentence as if those cases had been decided before his sentencing. See ECF No. 257 at 13-16, 18. For the reasons stated below, the court disagrees. However, Concepcion requires the court to consider both intervening changes in the law and the court finds that each case weighs in favor of reducing Defendant's sentence.

In Apprendi, which was decided approximately two and a half years after Defendant's sentencing, the Court held that, "[o]ther than a fact of a prior conviction, any fact that increases the

8

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The quantity of cocaine base attributable to Defendant was a fact which increased the statutory maximum of his offense. See 21 U.S.C. § 841 (outlining the applicable statutory maximum and minimum by drug weight); United States v. Brooks, 524 F.3d 549, 558 (4th Cir. 2008) ("Applying Apprendi to § 841(b), we determined in [United States v. Promise, 255 F.3d 150 (4th Cir. 2001)], that a jury, rather than a trial court, must determine the threshold drug quantity used to establish a defendant's statutory sentencing range under § 841(b)."); United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005).

In Defendant's case, as was the standard practice before Apprendi, the undersigned judge (not the jury) found that 218 grams of cocaine base were attributable to Defendant at sentencing. At the time, this finding set Defendant's statutory maximum at Life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii).[3] Had the Court's decision in Apprendi been in effect at the time of Defendant's sentencing, absent a drug quantity finding by the jury, the sentencing court would have been required to impose a sentence

---

[3] Prior to the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, the threshold quantity of cocaine base required to trigger the sentencing range in § 841(b)(1)(A)(iii) was 50 grams and, for § 841(b)(1)(B)(iii), 5 grams.

9

at or below the statutory maximum of 20 years. See 21 U.S.C. § 841(b)(1)(C); Brooks, 524 F.3d at 560-61 ("In the absence of a jury determination of [the] threshold quantity, . . . [the defendant's] sentence must fall within the default penalty subsection of § 841(b)(1)(C) - that is, a maximum of 20 years.").

In Rhynes, which was decided approximately two years after Defendant's sentencing, the Fourth Circuit held that a general verdict which failed to specify the object(s) of a drug conspiracy "prohibited the district court from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based." Rhynes, 196 F.3d at 238. Here, Count One listed several different alleged objects of the drug conspiracy, yet the jury did not specify in its verdict which drug(s) it had found Defendant guilty of conspiring to distribute. See ECF No. 35 (Jury Verdict). Accordingly, had Rhynes been decided before Defendant's sentencing, the court would have been prohibited from "imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based." Id. As Defendant points out, the least-punished object of his alleged conspiracy was marijuana, which results in a statutory maximum of five years for an unspecified quantity. See ECF No. 257 at 18 (citing 21 U.S.C. § 841(a)(1)(D)).

Thus, Defendant contends that the court must not only consider the impact of Apprendi and Rhynes on his sentence, but that those decisions are now "constitutional constraints" on the court's discretion in resentencing Defendant pursuant to the First Step Act. See ECF No. 257 at 14, 18. In support, Defendant argues that the intention of Apprendi and Rhynes was to "vindicate" defendants' Fifth and Sixth Amendment rights and that Concepcion explicitly acknowledged that a "sentencing courts' discretion . . . is subject to constitutional constrains."[4] See id. (citing Concepcion, ___ U.S. at ___, 142 S.Ct. at 2400) (citations omitted). Accordingly, Defendant argues that a five-year statutory maximum is now *required* on Count One, resulting in an overall statutory maximum of twenty years, after accounting for Defendant's concurrent twenty-year sentences on Counts Sixteen, Twenty-Four, and Twenty-Nine.[5] Id. at 18.

---

[4] The court does not interpret this language in Concepcion in quite the same way. There, the Court pointed to a footnote in Pepper v. United States, 562 U.S. 476 (2011), which referenced constitutional limits restricting the type of information a sentencing court was able to consider (such as the defendant's race), rather than a constitutional principle forcing a sentencing court to take additional information into account. See Pepper, 562 U.S. at n.8.

[5] In the alternative, Defendant submits that, even if these intervening changes in the law do not "govern how to select a statutory sentencing range in a First Step Act proceeding as a constitutional matter," Apprendi and Rhynes "would still be relevant to the court's resentencing" of Defendant. ECF No. 257 at 16, 18. With that assertion, the court undoubtedly agrees, as does the United States. See ECF No. 263 at 11.

11

In its Response in Opposition, the United States rejects the proposition that the court is now required to adjust Defendant's sentence to reflect the intervening changes of law imposed by Apprendi and Rhynes and submits instead that "the court may in its discretion consider" those changes. See ECF No. 263 at 11. Over Defendant's objection, see ECF No. 264 at 5-6, the government also proposed that this court reserve its decision until after the Fourth Circuit's ruling in United States v. Reed, No. 19-7368, 58 F.4th 816 (4th Cir. 2023), in which the Fourth Circuit was tasked with determining whether its ruling in United States v. Collington, 995 F.3d 347 (4th Cir. 2021), was abrogated by Concepcion. See ECF No. 263 at 12. On February 1, 2023, the Fourth Circuit issued its opinion in Reed, which, as it turns out, is particularly instructive in this case. 58 F.4th 816.

In Reed, the defendant was convicted in 1996 of conspiracy to distribute cocaine base and, in 2019, sought a reduction in his sentence pursuant to the First Step Act. Id. at 819. The district court denied the defendant's motion, determining that it was within the court's discretion to not reduce the defendant's sentence after balancing the 18 U.S.C. § 3553(a) factors. Id. at 818-19. On appeal, the defendant argued that the Court's ruling in Concepcion instructed that "the district court abused its discretion by maintaining a sentence that exceed[ed] the revised statutory maximum established by the Fair Sentencing Act." Id. at 820. The

12

Fourth Circuit disagreed. Id. at 822. Instead, the Fourth Circuit found that "Concepcion makes clear that [while] district courts must *consider* all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact . . . they are not *required* to reduce any sentence." Id. at 821 (citing Concepcion, ___ U.S. at ___, 142 S.Ct. at 2404) (emphasis added).

Although the Fourth Circuit in Reed was not faced with the specific intervening changes in law introduced by Apprendi or Rhynes, other courts of appeal have defined the precise impact of an Apprendi error on a post-Apprendi-defendant's resentencing after Concepcion. In that context, no court has ruled that the Apprendi error was a constitutional restriction on the court's resentencing discretion. For example, in United States v. Miedzianowski, 60 F.4th 1051 (7th Cir. 2023), the defendant claimed that the district court erred when denying his First Step Act motion because, after Concepcion and Apprendi, the district court was required to "calculate[] his new guideline range using the charged drug quantities decided by the jury rather than the actual drug quantities and enhancements used in calculating his guideline range for his original sentencing." Id. at 1057. The Seventh Circuit rejected that argument and affirmed the lower court. Id.

Similarly, in United States v. Jackson, 58 F.4th 1331 (11th Cir. 2023), the Eleventh Circuit affirmed the district court's

13

denial of the defendant's First Step Act motion, even though the sentencing court had made the finding of fact, in 1999, regarding the quantity of cocaine base attributable to the defendant. Going so far as to reject the defendant's argument that the resentencing court even had "the authority to ignore the earlier judge-made drug-quantity finding," the Eleventh Circuit characterized the post-Apprendi statutory range as a factor, not a constitutional constraint on the resentencing court. Id. at 1336; see United States v. Andrews, No. 22-2826, 2023 WL 2136784, *3 (3d Cir. 2023) (affirming the lower court's use of the post-Apprendi statutory range as a mere *factor* when reviewing a pre-Apprendi-defendant's First Step Act motion). Finally, upon thorough review of the case law, no district court after Concepcion has determined that a pre-Apprendi-defendant must be resentenced as if the Apprendi error had occurred during original sentencing.[6] The same logic applies to the application of Rhynes.

This court will now follow that growing set of case law on this issue. Accordingly, in this court's view, the intervening changes in law introduced by Apprendi and Rhynes are properly

---

[6] See, e.g., United States v. Richardson, 94-cr-187, 2023 WL 2058309 (N.D. Ill. Feb. 16, 2023); United States v. Gholson, 96-cr-553-1, 2022 WL 17718356 (N.D. Ill. Dec. 14, 2022); United States v. Saldana, No. 95-cr-605, 2022 WL 17067612 (S.D. Fla. Nov. 17, 2022); United States v. White, No. 93-97, 2022 WL 3646614 (D.D.C. Aug. 24, 2022); United States v. Thompson, No. 3:04-657, 2022 WL 3566856 (D.S.C. August 18, 2022); United States v. Dale, 92-81127, 2022 WL 2841474 (E.D. Mich. July 20, 2022).

framed as required considerations in the court's resentencing analysis, but do not curtail the court's discretion in resentencing Defendant.

To summarize, had Apprendi and Rhynes been decided before Defendant's original sentencing, there would have been a statutory maximum term of imprisonment on Count One of five-years. The applicable statutory maximum on Counts Sixteen, Twenty-Four, and Twenty-Nine would, of course, remain at twenty years, to be served concurrently with the sentences on Counts One and Four.[7] The court considers that change as a factor in its analysis and turns now to the intervening changes of fact pleaded by Defendant, as those facts are applied using the familiar factors set forth by 18 U.S.C. § 3553(a).

### B. Intervening Changes of Fact

Once a court recalculates the Guideline range, it must then reconsider the sentence in light of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021). The First Step Act instructs the resentencing court to "consider[] the defendant on [the] day" of resentencing, "not on the date of his offense or the date of his conviction." Concepcion, ___ U.S. at ___, 142 S.Ct. at 2396 (citations omitted). The court must now examine "the whole person before [it] as an

---

[7] Defendant has already served his sentences on Counts Four, Sixteen, Twenty-Four, and Twenty-Nine.

15

individual." Id. at 2395 (citations omitted). Having reconsidered the § 3553(a) factors, as well as the impact Apprendi and Rhynes would have had on Defendant's original sentence, the court finds that the circumstances weigh heavily in favor of reducing Defendant's sentence to time served.

Regarding the history and characteristics of Defendant, see 18 U.S.C. § 3553(a)(1), Defendant has submitted argument and evidence to the court which clearly substantiates his claim that "he is a very different man today than he was when this court sentenced him in 1998." ECF No. 257 at 5. When Defendant was sentenced, he was thirty-two years old. Id. After serving over twenty-six years of his sentence, he is now fifty-seven. Id. In that time, Defendant has engaged in many activities which signal that he has benefitted from significant rehabilitation.

For example, Defendant has earned his General Equivalency Diploma (GED), see ECF Nos. 257-3, 257-4, and has completed numerous substance abuse and mental health education courses, see ECF Nos. 257-5, 257-6, including participation in the BOP's Step Down Program, see ECF Nos. 257-3, 257-7. Defendant has also devoted a considerable amount of time and effort helping his fellow inmates at FCI Butner. Defendant completed the Inmate Companion Training, see ECF No. 257-8, and has since served as an Inmate Companion, see ECF No. 257-2. Defendant also tutors his fellow inmates and "has helped a number of [them] obtain their GED." See

16

ECF Nos. 257 at 20, 257-2. Defendant's efforts to have a positive impact on those around him is reflected by the several letters written on his behalf by his fellow FCI Butner inmates. See ECF No. 257-8.

While Defendant does have seven disciplinary incidents listed in his BOP records, none of those incidents reflect a violent nature nor do they substantially undermine the positive rehabilitative efforts described above. See ECF No. 257-11. The court's decision to not place significant weight on those infractions is further supported by the fact that the BOP downgraded Defendant's recidivism level to "low," even after the most recent of those infractions. See ECF No. 257-12.

Further, since Defendant's sentencing, he has developed a slew of significant medical issues. This court has previously analyzed Defendant's medical condition and concluded that his health does constitute an "extraordinary and compelling" reason for his release. See ECF No, 229 at 4-5 (Order denying, on balance, Defendant's Motion for Compassionate Release). The court maintains that position, and notes that it does not appear that Defendant's health condition has improved since the court's last review. Finally, Defendant maintains "strong ties to his family," who will serve as a support network upon his release. See ECF No. 257 at 21.

Regarding the need for the sentence imposed to "reflect the seriousness of the offense" and "afford adequate deterrence," the court finds that the twenty-six years of imprisonment Defendant has already served is sufficient in this regard. 18 U.S.C. § 3553(a)(2). The overall drug conspiracy in which Defendant participated was no doubt an extremely serious offense. Yet, Defendant's contributions spanned a limited duration of that broader conspiracy – approximately three months. ECF No. 263 at 2. On the other hand, the court recognizes, and shares, the United States' concern that Defendant had been implicated in a murder resulting from the drug conspiracy, for which Defendant was convicted of Accessory After the Fact to Murder. See id. at 2; ECF Nos. 1 (Indictment), 41 (Judgment). While Defendant has clearly expressed that he "feel[s] a great deal of remorse" for his role in the murder, this factor, on balance, certainly weighs against granting his Supplemental Motion. See ECF No. 257 at 21.

With that said, regarding the need for the sentence to "protect the public" and "provide the defendant with needed educational or vocational training," the court reemphasizes Defendant's wide-ranging efforts to improve himself while incarcerated, which has resulted in the BOP's reduction, in 2022, of his recidivism level to "low." See id. at 19-21. As Defendant contends, it appears to the court that he has "already taken

advantage of much of what [the] BOP has to offer" throughout the course of his twenty-six years of imprisonment. Id. at 23.

Finally, regarding "the need to avoid unwarranted sentence disparities," the court notes that several courts in the Fourth Circuit have granted significant sentence reductions, including to time served, to inmates with convictions, sentencings, and intervening changes in law and fact that are markedly similar to Defendant's circumstances. Notably, the cases cited by Defendant each involve a defendant who had been implicated in a murder resulting from the defendant's involvement in a broader drug conspiracy. See United States v. Fenner, No. 1:95-cr-95, ECF No. 235 (D. Md. July 13, 2022) (reducing the defendant's term of imprisonment from fifty-five (55) years to time served, approximately twenty-seven (27) years, after his First Step Act motion was granted); United States v. Cheese, No. 1:98-cr-259, 2020 WL 3618987 (D. Md. July 2, 2020) (granting the defendant's First Step Act motion and reducing his term of imprisonment from Life to twenty-eight (28) years); United States v. Warren, No. 3:95-cr-147, 2020 WL 3036011 (S.D. W. Va. June 5, 2020) (same, reducing to time served, approximately twenty-five (25) years); United States v. Jones, No. 1:96-cr-399, 2020 WL 886694 (D. Md. Feb. 24, 2020) (same, reducing to time served, approximately twenty-seven (27) years).

## IV. CONCLUSION

For the foregoing reasons, following the Fourth Circuit's remand and instructions to review Defendant's First Step Act Motion in light of <u>Concepcion</u>, the court determines and is persuaded to reduce Defendant's sentence on Count One, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, Marijuana, and/or Heroin, due to "intervening changes of law [and] fact." Accordingly, after thorough review and careful consideration, the court **GRANTS** Defendant's Supplemental Motion, ECF No. 257,[8] and reduces Defendant's sentence on Count One from 480 months (40 years) to time served as of May 15, 2023. In all other respects, this court's judgment, entered on January 22, 1998, shall remain in full force and effect. See ECF No. 41 (Judgment).

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for Defendant, the United States Attorney at Newport News, the United States Probation Office at Newport News, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 28, 2023

---

[8] In so doing, Defendant's original First Step Act Motion, ECF No. 156, is **MOOT**.